Mario Pittoni, J.
Motion by defendant for an order dismissing the complaint and directing that declaratory judgment be entered on defendant’s counterclaim declaring defendant’s claim for the value of a particular device to be within the *715 provisions of plaintiffs payment bonds, and for judgment for $4,680 with interest is denied.
Summary judgment, however, is granted to plaintiff, pursuant to CPLR 3212 (subd. [b]), declaring that defendant’s claim for the value of the device is not within the scope of plaintiff’s payment bonds, and that no part of defendant’s claim for the reasonable value of the device is valid under the provisions of the payment bonds.
Defendant’s counterclaim is for a declaration that its claim for the value of a device referred to as a "Baseball Backstop Design Fixture” is within the provisions of plaintiff’s payment bonds. Plaintiff’s payment bonds were issued on three separate jobs by D. Lambert Railing Co., Inc., the prime contractor, with the City of New York Parks for the rehabilitation of backstops in various baseball fields in New York City.
Defendant was a materialman supplying backstops to L.M. Fence Corp., a subcontractor of the prime contractor. Defendant assembled this device known as a "Baseball Backstop Design Fixture” at its plant in Plainview, Nassau County, New York. The device was at all times part of the manufacturing operation at the Plainview plant. After supplying some backstops defendant’s contract was cancelled by L.M. Fence Corp. and the device dismantled.
Defendant contends that its claim for the value of the device is covered under plaintiff’s payment bonds, specifically under paragraph (a) as "wages and compensation for labor performed,” and under paragraph (b) as "materials and supplies * * * or machinery furnished, used or consumed by said Principal or any subcontractor at or in the vicinity of the site of the Project.”
Clearly the value of this device cannot be considered wages or compensation for labor under paragraph (a) of the payment bond. It was a capital investment of defendant used in the manufacture of materials supplied to a subcontractor. Nor can the device be considered "machinery” under paragraph (b) of the payment bonds. The machinery covered is restricted to machinery "furnished, used or consumed by said Principal or any subcontractor at or in the vicinity of the site of the Project.” It was not used or consumed by the principal or any subcontractor, nor was the machinery used or consumed in the vicinity of the site of the project.
Therefore, plaintiff is entitled to summary judgment dis *716 missing defendant’s counterclaim and for a declaratory judgment as prayed for in its complaint.